UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH CORSETTI,

        Plaintiff,

v.                                        Case No: 10-cv-12386
                                         Honorable Arthur J. Tarnow

THE HONORABLE
JAMES M. BIERNAT, et al.,

        Defendant(s).
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

This is a prisoner civil rights case under 42 U.S.C. § 1983. On June 17, 2010, Plaintiff Joseph Corsetti filed this *pro se* complaint while incarcerated at the Macomb County Jail in Mount Clemens, Michigan. He is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). Plaintiff names the following as Defendants: (1) The Honorable James M. Biernat, (2) Assistant Prosecutor Margaret DeMuynck, and (3) Prosecutor Eric Smith, all residing in Macomb County. He is seeking injunctive relief. After careful consideration, the Court dismisses Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2), because he fails to state a claim upon which relief may be granted.

### I.  DISCUSSION

### A.  Standard of Review

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff's complaint is subject to dismissal.

### B. Complaint

Plaintiff is alleging: (1) that the system for appointing lawyers in Macomb County is biased; (2) that the judges, probation officers, and prosecutors are either blood-related or relatives; (3) that Judge Biernat called him by a different name, Laurence Stravaty, which is not his legal name; (4) that he was a Special Agent for the Federal Bureau of Investigation; (5) that he was convicted of unarmed robbery in 1975 and was assaulted and stabbed; and (6) that because of the stabbing, he was sent to federal prison, where he was again stabbed. He was released from his prison sentence on July 31, 2009.

Subsequently, Plaintiff was arrested on November 17, 2009, and sentenced to 120 days in the Macomb County Jail. He was released on December 15, 2009, and again arrested on December 20, 2009, for unarmed robbery. His main complaint is that the Macomb County court system is using the name Laurence Stravaty rather than Joseph Corsetti.

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). Instead, a complaint must allege facts that allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. "[T]he tenet that a

2

court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949, *citing Twombly*, 550 U.S. at 555. Plaintiff's complaint alleges no facts which could plausibly entitle him to relief. His allegations are too vague to state a claim. Plaintiff's complaint, containing only conclusory allegations, is the epitome of "an unadorned, the-defendant-unlawfully-harmed-me" complaint which cannot establish a basis for relief. *Iqbal*, 129 S.Ct. at 1949.

## II. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES** the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court also concludes that an appeal from this order would be frivolous and not taken in good faith. See 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**SO ORDERED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: July 21, 2010

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on July 21, 2010, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary