**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOSEPH CORSETTI, # 140643,

        Plaintiff,

v.                                      Case Number: 10-CV-12386
                                         Honorable Arthur J. Tarnow

THE HONORABLE
JAMES M. BIERNAT, *et. al.*,

        Defendants.
_____/

**OPINION AND ORDER**
**DENYING MOTION FOR RECONSIDERATION UNDER RULE 60(b)(6)**

**I.  INTRODUCTION**

      This is a prisoner civil rights case under 42 U.S.C. § 1983.  On June 17, 2010, Plaintiff Joseph Corsetti, a state inmate currently incarcerated at the Marquette Branch Prison in Marquette, Michigan, filed a Complaint against The Honorable James M. Biernat, Assistant Prosecutor Margaret DeMuynck, and Prosecutor Eric Smith.  Plaintiff filed his Complaint while incarcerated at the Macomb County Jail in Mount Clemens, Michigan.

      In his *pro se* Complaint, Plaintiff alleged that the system for appointing lawyers in Macomb County was biased; the judges, probation officers, and prosecutors were either blood-related or relatives; Judge Biernat called him by a different name, Laurence Stravaty, which is not his legal name; he was a Special Agent for the Federal Bureau of Investigation; he was convicted of unarmed robbery in 1975 and was assaulted and stabbed; and because of the stabbing, he was sent to federal prison, where he was again stabbed.  It appeared to the Court that Plaintiff's main complaint was that the Macomb County court system used the name Laurence Stravaty rather than Joseph Corsetti.  Plaintiff sought injunctive relief.  After a careful review, the Court dismissed the Complaint for

failure to state a claim upon which relief may be granted.

Pending before the Court is Plaintiff's Motion for Reconsideration, filed pursuant to Federal Rule of Civil Procedure 60(b)(6). For the reasons stated below, the Motion is denied.

## II. DISCUSSION

A Rule 60(b) motion may be granted only for certain specified reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively it is no longer equitable; or
(6) any other reason that justifies relief.

When none of those enumerated examples of Rule 60(b) apply, relief may only be available when exceptional or extraordinary circumstances are present. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998). Plaintiff specifies that his Motion should be granted under 60(b)(6).

The Court found that Plaintiff's Complaint was subject to dismissal because his Complaint was conclusory and alleged no facts which could plausibly entitle him to relief; his allegations were too vague to state a claim. Conclusory, unsupported allegations of the deprivation of rights protected by the United States Constitution or federal laws are insufficient to state a claim. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The Court found that Plaintiff never offered anything beyond his conclusory allegations to suggest that Defendants' actions were a violation of some official policy. *See Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003). The Court therefore dismissed the Complaint for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

The Court finds that Plaintiff has not presented any new grounds for relief. The Court therefore denies his 60(b)(6) Motion, because he has failed to offer any arguments which the Court has not already previously considered and rejected in its prior Opinion and Order. The Court properly dismissed Plaintiff's Civil Rights Complaint as frivolous and for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The Motion for Reconsideration is therefore denied.

### III.  CONCLUSION

For the reasons stated, **IT IS ORDERED** that Plaintiff's "Motion for Reconsideration" [dkt. # 7] is **DENIED**.

**SO ORDERED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: March 25, 2011

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on March 25, 2011, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

3